# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-2450
_____

United States of America

*Plaintiff - Appellee*

v.

Clayton E. Barnes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: April 17, 2026
Filed: July 31, 2026
[Unpublished]

_____

Before KELLY, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Clayton Barnes pleaded guilty to distribution of controlled substances, and the district court[1] imposed a 128-month sentence. Barnes appeals.

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

## I.

In August 2024, Barnes was indicted on two counts of distribution of 50 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), based on two sales to undercover officers in August 2023. In October 2024, Barnes was separately indicted for aiding and abetting another set of controlled buys of methamphetamine in June and July 2024, in violation of the same statutes.

The parties entered a plea agreement in which Barnes agreed to plead guilty to the August indictment and the government agreed to dismiss the October indictment. The agreement did not state whether the conduct underlying the dismissed indictment could be considered at sentencing, nor did the parties reach any sentencing agreements other than regarding a reduction in Barnes's offense level for acceptance of responsibility.

The Presentence Investigation Report (PSR) included the allegations underlying the dismissed indictment as offense conduct. Combining the drug quantity across both indictments resulted in a recommended base offense level 28 under USSG § 2D1.1(a)(5). But the PSR also included the recommendation that, based on his criminal history, Barnes qualified as a career offender, which independently set his base offense level at 34. After accounting for an acceptance of responsibility reduction, his total offense level was 31. At criminal history category VI, the recommended Guidelines range was 188 to 235 months.

Barnes did not object to any of the facts included in the PSR or to the recommended Guidelines calculation. Instead, he filed a document stating he and his counsel "accept the Presentence Report." And in his sentencing memorandum filed shortly before sentencing, he reiterated that he "agree[d] with the PSR's determination." When asked at sentencing if Barnes had any "additions, corrections, or objections" to the PSR, Barnes's counsel said no. The district court adopted the facts and Guidelines calculations in the PSR.

After hearing arguments by counsel, the court gave Barnes the opportunity to speak on his own behalf. At the end of his allocution, Barnes stated, "I know that the prosecutor has so graciously decided to dismiss this other indictment, but that had nothing to do with me." Barnes did not elaborate further. The court sentenced Barnes to 128 months in prison—60 months below the bottom of the Guidelines range.

## II.

On appeal, Barnes asserts that the district court's use of the conduct underlying the charges in the dismissed indictment at sentencing violated his constitutional right to due process. He did not raise this issue to the district court, so we review for plain error. See United States v. Sholley-Gonzalez, 996 F.3d 887, 897 (8th Cir. 2021) ("To show plain error, [defendant] 'must show that there was an error, the error is clear or obvious under current law, the error affected the party's substantial rights, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'") (quoting United States v. Godfrey, 863 F.3d 1088, 1095 (8th Cir. 2017)). This standard applies even for constitutional claims. United States v. Patterson, 131 F.4th 901, 913 (8th Cir. 2024) ("[A] constitutional issue raised for the first time on appeal is reviewed for plain error." (citing United States v. Ellis, 815 F.3d 419, 420–21 (8th Cir. 2016))); United States v. May, 70 F.4th 1064, 1075 (8th Cir. 2023) (reviewing due process challenge under plain error standard of review) (citing United States v. Anderson, 783 F.3d 727, 746 (8th Cir. 2015)).

Because Barnes's Guidelines range was based on his status as a career offender, and not on the total drug quantity, we question whether he has shown that uncharged conduct played a role in the district court's sentencing decision. But even assuming it did, Barnes acknowledges that precedent precludes his argument that use of uncharged conduct at sentencing is constitutionally impermissible. See United States v. Steffen, 818 F.3d 770, 771–72 (8th Cir. 2016) (holding that it is "constitutionally permissible" to use uncharged conduct at sentencing). And, though

he characterizes the facts underlying the charges in the dismissed indictment as "receiv[ing] no procedural protections whatsoever" at his sentencing hearing, Barnes did not object to those facts—so the district court was permitted to accept them as proven. See United States v. White Twin, 682 F.3d 773, 776 (8th Cir. 2012) ("If a defendant does not object to the factual allegations in a PSR, they may be accepted as true for purposes of sentencing."). We recognize Barnes's comment in his allocution that the October indictment had "nothing to do with" him, but even on appeal he does not argue he intended to withdraw his previous affirmative statements that he had no objections to the PSR.

We affirm the judgment.[2]

_____

[2]We also grant Barnes's motion, filed during the pendency of this appeal, to supplement the record with the dismissed indictment.